UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMANDA COWETTE,<br>    *Petitioner*,<br><br>v.<br><br>DAREK PUZIO,<br>    *Respondent*. | )<br>)<br>)<br>)<br>)   3:24-CV-1656 (OAW)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Amanda Cowette has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the application of First Step Act ("FSA") time credits to her sentence. The court has reviewed the petition, ECF No. 1, Respondent Acting Warden Puzio's response, ECF No. 8, and the record in this case. For the reasons set forth below, the petition for writ of habeas corpus is **DISMISSED.**

**I.   BACKGROUND**

Petitioner is a sentenced inmate at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). ECF No. 1 at 1. The United States District Court for the District of Maine sentenced her to 60 months in prison, followed by four years of supervised release for Conspiracy to Distribute and to Possess with the Intent to Distribute 40 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vi); Possession with the Intent to Distribute 40 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 18 U.S.C. § 2; and Maintaining a Drug Involved Premises in violation of 21 U.S.C. §§ 856(a)(1), 856(b), and 18 U.S.C. § 2. *See* Ex. 1, ECF No. 8-1; *United States v. Cowette*, 1:19-cr-26-LEW (D. Me. Jan. 24, 2024).

Ms. Cowette filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that that the Bureau of Prisoners ("BOP") has "incorrectly determined [she is] ineligible for FSA credits." ECF No. 1 at 6. She alleges that if FSA time credits were applied to her sentence she would be "eligible to leave FCI Danbury" and enter a halfway house. *Id.* Petitioner seeks court intervention.

## II. LEGAL STANDARD

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Thus, habeas petitioners may seek relief under § 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001), and collecting other cases from the United States Court of Appeals for the Second Circuit).

Petitioner's claim that BOP "incorrectly determined [she is] ineligible for FSA credits," ECF No. 1 at 6, is among challenges which may be brought under § 2241. *See Jiminian*, 245 F.3d at 146 (listing "computation of a prisoner's sentence by prison officials" as a permissible ground for a § 2241 petition). Petitioner "bears the burden of proving that [she] is being held contrary to law; and because the habeas proceeding is civil in

nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

III. **DISCUSSION**

Respondent argues that the petition fails on two grounds: (1) Petitioner did not exhaust her administrative remedies, and (2) Petitioner is statutorily ineligible to receive credits under the First Step Act. *See* ECF No. 8 at 2.

"The Second Circuit has made clear that a petitioner must exhaust her administrative remedies prior to filing an action under § 2241." *Daraio v. Lappin*, No. 3:08CV1812(MRK), 2009 WL 303995, at *3 (D. Conn. Feb. 9, 2009) (citing *Carmona*, 243 F.3d at 634 (citation omitted)). "Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, [but] decisional law has superimposed such a requirement in order to accommodate principles of federalism." *U.S. ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976) (alteration added). Thus, § 2241's exhaustion requirement is judicial, not statutory.[1] *Carmona*, 243 F.3d at 634. "[T]he distinction between the two exhaustion requirements can be 'pivotal,' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation and citations omitted).

---

[1] The court recognizes the open question of whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement also applies to § 2241 actions. *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024). But, like Judge Oliver in *Atiyas*, it declines to apply the PLRA's exhaustion requirement in § 2241 actions "[u]ntil such time as the Second Circuit resolves this issue," *id.*, or at least in this instance, as to the present case.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). To properly exhaust administrative remedies under the judicially imposed exhaustion requirement, a petitioner must comply with the four-step Administrative Remedy Program ("the Program") established by the BOP. *See Atiyas*, 2024 WL 343029, at *2 (describing the four steps that must be taken before filing a § 2241 petition). These steps include: (1) informal resolution with prison staff through using a BP-8 form, 28 C.F.R. § 542.13(a); (2) an initial formal request to the Warden using a BP-9 form, *id.* § 542.14(a); (3) an appeal to the appropriate Regional Director using a BP-10 form, *id.* § 542.15(a); and finally, (4) an appeal to the BOP General Counsel using a BP-11 form, *id. See also Zenquis v. Pullen*, No. 3:22-CV-1151 (SVN), 2023 WL 2931585, at *2 (D. Conn. Apr. 13, 2023). An inmate is not considered to have exhausted her claim "until it is considered by the BOP General Counsel." *Emery v. Pullen*, No. 3:22-CV-1003 (SVN), 2023 WL 348114, at *5 (D. Conn. Jan. 20, 2023) (internal citations omitted). "In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner." *Paulino v. Flowers*, No. 3:24-CV-1569 (VAB), 2025 WL 297388, at *1 (D. Conn. Jan. 24, 2025).

Petitioner demonstrated that she completed the first and second steps of the Program by submitting a BP-8 form for informal resolution, and a BP-9 form to petition the warden. ECF No. 1 at 17–19 (documentation of Petitioner's submissions and subsequent rejections). Cheryl Magnusson, a legal assistant with BOP, averred that Petitioner attempted to complete the third step of the Program by submitting an appeal to

4

the Northeast Regional Director, but the appeal was rejected because portions of it were illegible. Ex. 3 ¶ 12, ECF No. 8-3. Petitioner was advised that she could resubmit her appeal within 10 days. *Id.* She did so, but it was rejected as untimely. *Id.* ¶ 13. Petitioner was advised that she could resubmit the appeal explaining the untimeliness, but at the time of Respondent's filing, she had not done so. *Id.* ¶ 13–14.

Petitioner failed to complete the third step of the Program, therefore she did not exhaust available administrative remedies. *See Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011) ("An untimely or otherwise procedurally defective administrative grievance also does not constitute proper exhaustion" (internal quotations and citations omitted)); *Allen v. Kunkel*, No. 3:18-CV-297 (JCH), 2018 WL 3553335, at *6 (D. Conn. July 23, 2018) ("[T]hat his Level-3 appeal . . . was rejected by prison officials as untimely further supports the defendants' argument that Allen failed to properly exhaust his administrative remedies.").

Moreover, her failure to file an appeal with BOP General Counsel, ECF No. 8-3 ¶ 14, itself is sufficient to establish that she failed to exhaust administrative remedies. *See McDonald v. Sage*, No. 3:20-CV-1737 (SRU), 2022 WL 503925, at *4 (D. Conn. Feb. 18, 2022) (dismissing § 2241 petition on exhaustion grounds because petitioner did not claim or provide proof that she filed an appeal with the BOP General Counsel). Accordingly, the court concludes that Petitioner did not exhaust her administrative remedies.

Section 2241's exhaustion requirement is judicially created, therefore, "a court has discretion to excuse the administrative exhaustion requirement for federal prisoners." *Donato v. Pullen*, No. 3:22-CV-640 (JAM), 2023 WL 1967340, at *4 (D. Conn. Feb. 13, 2023). The United States Court of Appeals for the Second Circuit has identified four

bases to excuse administrative exhaustion in the habeas context: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62; *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *7 (applying the four *Beharry* categories to a § 2241 petition).

Here, Petitioner has not shown that any of the four bases to excuse administrative exhaustion apply. Therefore, it is appropriate for the court to dismiss the petition for failure to exhaust administrative remedies. *See Donato*, 2023 WL 1967340, at *5 (granting motion to dismiss for failure to exhaust administrative remedies); *Young v. McClendon*, No. 22-CV-00710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) ("The court may dismiss a § 2241 petition *sua sponte* for failure to exhaust state court remedies.").

Even if Petitioner had exhausted administrative remedies, she still would not prevail. Respondent argues, and the court agrees, that Petitioner is statutorily ineligible for FSA time credits. ECF No. 8 at 5. Petitioner was convicted of and sentenced for (among other offenses) Possession with Intent to Distribute 40 Grams or More of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 18 U.S.C. § 2. *United States v. Cowette*, 1:19-cr-26-LEW (D. Me. Jan. 24, 2024), ECF No. 179, Count Two. The FSA specifically excludes prisoners convicted under 21 U.S.C. 841(b)(1)(B)(vi) from being eligible for time credits:

> **Ineligible prisoners**.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . .
>
> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) . . . relating to manufacturing,

distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

See 18 U.S.C. § 3632(d)(4)(D)(lxvi).  Thus, Petitioner is serving a sentence for a disqualifying offense.  See Gonzalez v. Eischen, No. 24-CV-3740 (LMP/LIB), 2024 WL 4884485, at *2 (D. Minn. Oct. 17, 2024), report and recommendation adopted, No. 24-CV-3740 (LMP/LIB), 2024 WL 4882737 (D. Minn. Nov. 25, 2024) (dismissing habeas petition because petitioner sentenced under 21 U.S.C. 841(b)(1)(B)(vi) was ineligible for FSA time credits).

Even though Petitioner was charged under 18 U.S.C. § 2 (aiding and abetting), it does not change the analysis.  "[W]hen a person is charged with aiding and abetting the commission of a substantive offense, the crime charged is . . . the substantive offense itself."  U.S. v. Ulbricht, No. 14-cr-68 (KBF), 2014 WL 5410049, at *2 (S.D.N.Y. Oct. 24, 2014) (internal quotations and citations omitted).  As a result, BOP is properly excluding Petitioner from receiving FSA time credits because she is serving a sentence for a statutorily enumerated disqualifying offense.

Accordingly, the court declines to grant Petitioner leave to amend her complaint because amendment would not be productive.  Even if Petitioner exhausted administrative remedies, she is statutorily ineligible for FSA time credits.  "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."  Ruffolo v. Oppenheimer & Co., 987 F.2d 129 (2d Cir. 1993) (citing cases).

IV.   **CONCLUSION**

It is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED.**

2. The Clerk of Court respectfully is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of March, 2025.

/s/
Omar A. Williams
United States District Judge